## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL RAY CLARK** | § | **PLAINTIFF** |
| | § | |
| **VERSUS** | § | **Civil No 1:13cv116-HSO-RHW** |
| | § | |
| **MICHAEL ASTRUE,** | § | |
| **Commissioner of Social Security** | § | **DEFENDANT** |

## ORDER OVERRULING OBJECTION, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND AFFIRMING DECISION OF THE COMMISSIONER

BEFORE THE COURT is Plaintiff Daniel Ray Clark's Objection [23] to the Report and Recommendation [21] of United States Magistrate Judge Robert H. Walker.  After consideration of the Report and Recommendation, the Objection, the record, and relevant legal authority, the Court finds that Plaintiff's Objection [23] should be overruled, the Report and Recommendation [21] should be adopted as the findings of this Court, and the decision of Defendant Michael Astrue, as Commissioner of the Social Security Administration, should be affirmed.

## I.  BACKGROUND

On January 26, 2010, Plaintiff filed an application for supplemental security income (SSI) and disability insurance benefits, claiming that his disability began on December 11, 2009.  Report and Recommendation [21], at 1.  The Social Security Administration initially denied Plaintiff's application on May 28, 2010, and thereafter upheld the decision upon a request for reconsideration on August 16, 2010.  *Id.* at 1–2.  Plaintiff requested a hearing before an administrative law judge

to review the decision.  *Id.* at 2.  On November 28, 2011, Administrative Law Judge (ALJ) Charles C. Pearce conducted a hearing where Plaintiff was represented by counsel.  *Id.*

At the hearing, the ALJ received testimony from Plaintiff and a vocational expert, and considered other evidence.  *Id.*  On December 9, 2011, the ALJ issued his decision, concluding from the entire record that Plaintiff has the residual functional capacity to perform light work with certain restrictions, and is not disabled.  *Id.* at 8.  The Appeals Council denied Plaintiff's request for review on February 8, 2013, and Plaintiff filed this civil action seeking judicial review of the Commissioner's decision on April 11, 2013.  *Id.* at 1, 8.

Following briefing by the parties, the Magistrate Judge issued a Report and Recommendation [21], recommending that the decision of the Commissioner should be affirmed.  *Id.* at 12–13.  The Magistrate Judge agreed with the reasoning of the ALJ that Plaintiff's claimed limitations associated with an inability to see out of his left eye and a torn right shoulder rotator cuff did not render him disabled under the relevant legal standards.  *Id.*  The Magistrate Judge determined that Plaintiff's primary complaints about the ALJ's finding that Plaintiff was not wholly credible was within the ALJ's prerogative to make.  *Id.*

Plaintiff submitted an Objection [23] to the Magistrate's Report and Recommendation, asserting that his eye and rotator cuff ailments satisfied the duration requirement for disability, disputing the ALJ's credibility determinations, and maintaining that he is in need of eye and arm surgery, rendering him disabled.

-2-

The Commissioner filed a Response [24] to the Objection urging that the Court adopt the Magistrate's Report and Recommendation.

## II.  DISCUSSION

A.   Standard of Review

Where an objection is made to a magistrate's report and recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  When reviewing a final decision of the Commissioner, a court may only consider whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision.  *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012).  "Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  A court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001).  This Court must affirm the Commissioner's decision unless the Court finds that (1) the ALJ applied the incorrect legal standard, or (2) the ALJ's determination was not supported by substantial evidence.  *Id.*

B.   Standard for Social Security Entitlement

In order to qualify for Social Security disability benefits, a claimant has the burden of demonstrating that he or she has a "medically determinable physical or mental impairment" that has lasted for at least twelve months, therefore

preventing him or her from engaging in substantial gainful activity.  42 U.S.C. § 423(d)(1)(A).  Substantial gainful activity is considered any work activity involving significant physical or mental abilities for pay or profit.  20 C.F.R § 404.1572(a) and (b).  The Commissioner employs a five-step sequential process to evaluate claims of disability and decides whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment in Appendix 1 of the Regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work.  *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000) (citing 20 C.F.R. § 404.1520).  The claimant bears the burden of proving the first four steps.  If the claimant succeeds in doing so, the burden shifts to the Commissioner to establish the fifth step.  *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

C.    Plaintiff's Objections

Plaintiff objects to the ALJ's analysis at step three, whether Plaintiff's impairments meet or equal a listed impairment in the regulations and meet the duration requirement.  Objection [23], at 1.  Plaintiff contends that his eye impairment and his rotator cuff injury did not heal, satisfying the duration requirement.  *Id.*  However, the ALJ did not reach the question of whether Plaintiff's impairments met the duration requirement, because none of Plaintiff's impairments were sufficient to make the preliminary showing that they equaled the listed impairments in Appendix 1.  ALJ Decision [15], at 17.  Because the ALJ

-4-

applied the proper legal standard, and his findings were supported by substanital

evidence in the record, Plaintiff's Objection as to the analysis at step three will be

overruled.  *See Boyd*, 239 F.3d at 704.

> Plaintiff also appears to object to the ALJ's finding that Plaintiff has
>
> the residual functional capacity to perform light work . . . except he
> cannot work where exposed to unprotected heights or hazardous
> machinery, cannot climb ladders or scaffolds, can occasionally reach with
> his dominant arm and balance, cannot work in a poorly lit work
> environment, cannot operate a motor vehicle at night, and should not be
> exposed to temperature extremes.

Objection [23], at 1; ALJ Decision [15], at 18.  Because the ALJ concluded that

Plaintiff is unable to perform his past work, the ALJ considered whether Plaintiff is

able to perform any other work in light of his residual functional capacity.  ALJ

Decision [15], at 20.

As part of this step in the sequential analysis, the ALJ evaluated Plaintiff's

residual functional capacity, observing that Plaintiff had been self-employed as a

handyman since 2005, had served as an interim church pastor for nearly two years,

had attended bible college, watched TV, drove, and testified that he still worked as

a handyman painting and cleaning rental properties at the time of the hearing.  *Id.*

at 18–19.  The ALJ found that Plaintiff maintained "a level of activity that is

inconsistent with total disability" and concluded that Plaintiff had the residual

capacity to perform light work.  *Id.* at 19.  The ALJ's conclusion was supported by

substantial evidence in the record, including Plaintiff's own testimony concerning

his activities.  *See Jones*, 691 F.3d at 733.  Plaintiff's objection on this point will be

overruled.

Plaintiff further objects that he has not been able to find the types of jobs the vocational expert indicated he could perform due to lack of available work and his inability to pass a drug test because of the prescription medications he takes for pain management.  Objection [23], at 1.  This objection is foreclosed by 20 C.F.R. § 404.1566(c).  The Social Security Administration does not consider a lack of job openings or inability to be hired for a job the applicant could otherwise perform when it makes a determination of disability.  20 C.F.R. § 404.1566(c).  Plaintiff's objection on this point will be overruled.

### III.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent *de novo* review of the record and those matters raised in Plaintiff's Objection.  For the foregoing reasons, the Court finds that Plaintiff's Objection [23] should be overruled.  The Commissioner's decision to deny Plaintiff's claim for disability benefits is supported by substantial evidence and comports with the relevant legal standards, and should be affirmed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objection [23] filed in this case by Plaintiff Daniel Ray Clark is **OVERRULED**, and the Report and Recommendation [21] of Magistrate Judge Robert H. Walker, recommending that the Court affirm the decision of the Social Security Commissioner, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the

Commissioner is **AFFIRMED**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 12th day of June, 2015.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE